UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  CV 24-05804 WDK (RAO)                    Date:  September 26, 2024

Title:  Breanna C. Webb v. Pepperdine University

Present:  The Honorable  **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Eddie Ramirez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**    (In Chambers) **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

On July 10, 2024, Plaintiff Breanna C. Webb ("Plaintiff), proceeding *pro se*, filed a complaint ("Complaint") pursuant to Title VI and Title IX.  Dkt. No. 1.  Plaintiff's request to proceed *in forma pauperis* was granted on September 3, 2024.  Dkt. No. 7.   Plaintiff's Complaint is brought against Pepperdine University.  Compl. at 1-2.  For the reasons set forth below, the Complaint is **DISMISSED** with leave to amend.

## I.    THE SCREENING REQUIREMENT

District courts are required to screen civil complaints filed by individuals proceeding *in forma pauperis*.  28 U.S.C. § 1915(e)(2).  The Court may dismiss such a complaint, or a portion thereof, before service of process if the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

To determine whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Federal Rule of Civil Procedure 8 as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  That is, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. E. 2d 868 (2009) (quotations omitted).  The task is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    CV 24-05804 WDK (RAO)                    Date:    September 26, 2024

Title:        Breanna C. Webb v. Pepperdine University

context-specific and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  The Court must construe all factual allegations set forth in the complaint as true and in the light most favorable to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

When the Court reviews a complaint for sufficiency, it considers whether the plaintiff has "plead[ed] factual matter that, if taken as true, states a claim the [defendants] deprived him of his clearly established constitutional rights[.]"  *See Iqbal*, 556 U.S. at 666.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'"  *Id.* at 678 (alterations in original) (citations omitted).

The Court may consider exhibits attached to the pleading and incorporated by reference, but is not required to blindly accept conclusory allegations, unwarranted factual deductions, or unreasonable inferences.  *See Petrie v. Electronic Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also* Fed. R. Civ. P. 10(c).  Nor is the Court required to accept as true allegations that are contradicted by the exhibits attached to the complaint.  *Sprewell*, 266 F.3d at 988.

## II.    SUMMARY OF ALLEGATIONS

Plaintiff alleges that Defendant retaliated against her for her participation in an ongoing civil rights lawsuit in violation of Title VI and Title IX.  Compl. at 4.  Plaintiff alleges that on May 22, 2024, Defendant "ignored their policy" and threatened to sue and intimidate her via email.  *Id.* Plaintiff seeks damages.  *Id.*

## III.    DISCUSSION

### A.    Failure to State a Claim

Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 24-05804 WDK (RAO)                     Date:   September 26, 2024
Title:      Breanna C. Webb v. Pepperdine University

Title IX of the Education Amendments of 1972 prohibits discrimination on the basis of sex in any education program or activity receiving Federal financial assistance, with certain exceptions. 20 U.S.C. § 1681.

Here, Plaintiff does not allege any discrimination on the basis of race, color, or national origin for a Title VI claim or discrimination on the basis of sex for a Title IX claim. Plaintiff references her participation in a lawsuit and that Defendant is retaliating against her for participation in that lawsuit, but Plaintiff does not allege any facts regarding the nature of the lawsuit. Retaliation for participation in a lawsuit alleging discrimination on the basis of race, color, or national may support a Title VI claim, and retaliation for participation in a lawsuit alleging sex discrimination may support a Title IX claim. *See Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174 (2005) (holding that retaliation against a person because the person complains of sex discrimination constitutes intentional discrimination on the basis of sex in violation of Title IX); *Gutierrez v. State of Wash., Dept. of Social and Health Servs.*, No. CV-04-3004-RHW, 2005 WL 2346956, at \*5 (E.D. Wash. Sept. 26, 2005) (finding the holding in *Jackson* applies to claims under Title VI). However, Plaintiff does not allege that her other lawsuit against Defendant claims any of these forms of discrimination. Therefore, Plaintiff fails to state a Title VI or Title IX claim.

###### B.      Leave to Amend

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has further stated that a district court should grant leave to amend "if it appears at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 709 (9th Cir. 1990)). Plaintiff has not had the opportunity to amend her complaint and it may be possible for Plaintiff to correct the deficiency described above. Accordingly, the Court grants Plaintiff leave to amend.

## IV.     <u>CONCLUSION</u>

In light of the foregoing, Plaintiff's Complaint is **DISMISSED** with leave to amend. If Plaintiff intends to pursue this matter, she shall file a "First Amended Complaint" by **<u>October 28, 2024</u>**. If, given the contents of this Order, Plaintiff elects not to proceed in this action, she may expedite matters by signing and returning the attached **<u>Notice of Dismissal</u>** by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice. Any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:   CV 24-05804 WDK (RAO)                    Date:   September 26, 2024

Title:        Breanna C. Webb v. Pepperdine University

amended complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to prior complaints, *i.e.*, it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2; (c) contain a "short plain" statement of the claim(s) for relief, *see* Fed. R. Civ. P. 8(a); (d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1); (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b); (f) set forth clearly the sequence of events giving rise to the claims for relief; and (g) allege with sufficient specificity what each defendant did and how that defendant's conduct violated Plaintiff's civil rights.

**Plaintiff is cautioned that, absent further order of the Court, the failure to timely file a First Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

The Court recognizes that it may be difficult for a pro se litigant to navigate the Federal Rules of Civil Procedure and this district's Local Rules. The Central District of California offers free "**Pro Se Clinics**" that can provide information and guidance about many aspects of civil litigation in this Court. The Los Angeles Clinic is open by appointment only on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and 2 p.m. to 4 p.m. The Los Angeles Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, CA 90012. Pro se litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or appointments may be made by calling (213) 385-2977, ext. 270. In addition, Public Law Center runs a free Federal Pro Se Clinic at the Santa Ana federal courthouse where pro se litigants can get information and guidance. The clinic is open virtually on Tuesdays from 1:00 p.m. to 4 p.m. for phone or Zoom calls, and the clinic is open at the courthouse on Thursdays from 10:00 a.m. to 12:00 p.m. and from 1:30 p.m. to 3:30 p.m. The on-site clinic is in Room 1055 of the Ronald Reagan Federal Building and United States Courthouse, 411 West 4th Street, Santa Ana, California. For more information, pro se litigants may call (714) 541-1010 (x222) or visit the Pro Se Clinic Home Page found at http://prose.cacd.uscourts.gov/santa-ana. Finally, the Public Service Law Corporation runs a free Federal Pro Se Clinic at the Riverside federal courthouse where pro se litigants can get information and guidance. The clinic is in Room 125 of the George E. Brown Federal Building, 3470 12th Street, Riverside, California 92501. The Riverside clinic is open for in-person appointments on a first come basis Tuesdays and Thursdays from 9:00 a.m. to 3:00 p.m. For more information, pro se litigants may call (951) 682-7968 or they may visit the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 24-05804 WDK (RAO)                    Date:  September 26, 2024

Title:      Breanna C. Webb v. Pepperdine University


Pro Se Home Page at http://prose.cacd.uscourts.gov/riverside.

     **IT IS SO ORDERED.**

     Attachment: CV-09.

                                                    _____ : _____

Initials of Preparer          er