# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREANNA C. WEBB,<br><br>Plaintiff,<br><br>v.<br><br>PEPPERDINE UNIVERSITY,<br><br>Defendant. | Case No. CV 24-05804-WDK (RAO)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is submitted to the Honorable William D. Keller, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.  INTRODUCTION

On July 10, 2024, Plaintiff Breanna C. Webb ("Plaintiff"), proceeding *pro se*, filed a civil complaint ("Complaint").  Dkt. No. 1.  Plaintiff's request to proceed *in forma pauperis* was granted on September 3, 2024.  Dkt. No. 7.  On September 26, 2024, the Court dismissed Plaintiff's Complaint with leave to amend.  Dkt. No. 8.  Plaintiff's amended complaint was due by October 28, 2024.  *Id.*  When Plaintiff did not file an amended complaint by the deadline, the Court issued an Order to Show Cause ("OSC") on November 15, 2024, as to why the instant action should not be

dismissed for failure to prosecute. Dkt. No. 11. The deadline for Plaintiff to respond to the OSC was December 13, 2024. *Id.* Plaintiff was warned that this case would be subject to dismissal if she failed to respond to the OSC. *Id*. To date, Plaintiff has not filed a response to the OSC or an amended complaint.

For the reasons set forth below, the Court recommends that Plaintiff's action be dismissed without prejudice for failure to obey court orders and to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## II.   DISCUSSION

Federal Rule of Civil Procedure 41 ("Rule 41") governs the dismissal of federal actions. Rule 41(b) grants district courts authority to dismiss actions for failure to comply with court orders or for failure to prosecute. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). District courts may exercise their inherent power to control their dockets by imposing sanctions, including, where appropriate, the dismissal of a case. *Ferdik*, 963 F.2d at 1260.

A court must weigh five factors when determining whether to dismiss an action for failure to prosecute or failure to comply with court orders:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to defendants;

(4) the availability of less drastic alternatives; and

(5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate where at least four factors support dismissal, or where three factors "strongly support" dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990).

Here, the first and second factors (the public's interest in expeditious resolution and the Court's need to manage its docket) strongly favor dismissal.

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* Plaintiff has failed to prosecute this action by not filing an amended complaint or responding to the OSC. Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [her] to control the pace of the docket rather than the Court." *Yourish*, 191 F.3d at 990. Plaintiff's inaction interferes with the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket. Accordingly, these two factors weigh strongly in favor of dismissal.

The third factor (the risk of prejudice to the defendant) requires a defendant to establish "that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). However, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely" act. *Yourish*, 191 F.3d at 991. The better the reason, the less likely it is that the third factor will favor dismissal. *See id.* (finding that the plaintiff's "paltry excuse for his default on the judge's order indicate[d] that there was sufficient prejudice to Defendants from the delay that [the third] factor also strongly favor[ed] dismissal"). "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see also In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (quoting *Anderson*). Here, the failure to file an amended complaint or to respond to the OSC indicates Plaintiff's loss of interest in the matter. The Court finds that the third factor weighs in favor of dismissal.

The fourth factor (the availability of less drastic alternatives) also weighs in favor of dismissal. The Court provided Plaintiff sufficient time to file an amended

complaint and to respond to the OSC. The Court cautioned Plaintiff that a failure to file an amended complaint or a response to the OSC would result in dismissal, *see* Dkt. No. 11, yet Plaintiff has failed to respond. Plaintiff's failure to participate in her own lawsuit supports that no lesser sanction will be effective. Also, the Court is recommending dismissal of this action without prejudice, a far less drastic alternative than dismissal with prejudice. Accordingly, this factor favors dismissal.

Regarding the fifth factor, public policy generally favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643. However, it is the responsibility of the moving party to move the case toward a timely disposition on the merits, and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Because Plaintiff has failed to participate in her own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits. Therefore, this factor weighs only slightly against dismissal.

Four factors favor dismissal and one factor weighs slightly against dismissal. Accordingly, dismissal of this action without prejudice is appropriate.

### III. **RECOMMENDATION**

For the reasons discussed above, **IT IS RECOMMENDED** that the District Court issue an Order: (1) accepting and adopting this Report and Recommendation; and (2) dismissing this action without prejudice.

DATED: March 21, 2025

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals but may be subject to the right of any party to file objections as provided in Local Civil Rule 72 and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.